**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

DARRYL K. JACKSON
ADC # 076647                                                                                           PLAINTIFF

V.                                        5:05CV00284 SWW/HDY

GAYLON LAY, Warden, Cummins Unit, Arkansas
Department of Correction; KELLEY BEATTY,
Administrative Review Officer, Arkansas Department of Correction;
LISA R. HARRISON, Grievance Officer, Cummins
Unit, Arkansas Department of Correction; and
LARRY NORRIS, Director, Arkansas Department of Correction           DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

1

the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, a prisoner at the Cummins Unit of the Arkansas Department of Correction ("ADC"), filed this action *pro se*, pursuant to 42 U.S.C. § 1983. Plaintiff alleges that he was improperly convicted of a disciplinary violation for a positive drug screen, and by way of relief he seeks monetary damages. The Court has carefully reviewed the documents submitted by Plaintiff and concludes that he has failed to state a claim upon which relief may be granted. Accordingly, the Court recommends that Plaintiff's Complaint be dismissed, without prejudice.

### I. Screening

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints

seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b).

In conducting its review, the Court is mindful that a complaint should be dismissed for failure to state a claim only if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989). A plaintiff's complaint still must contain allegations sufficient to state a claim, as a matter of law, and must not be merely conclusory in its allegations. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## II. Background

In his Complaint, Plaintiff alleges that a urine sample was collected from him on December 7, 2004, at 2:52 p.m. When the screen returned positive for use of marijuana, the paperwork accompanying it showed a different specimen identification number and that the sample was collected on December 6, 2004, at 12:00 a.m. As a result of the positive drug screen, Plaintiff was convicted of a major disciplinary violation, and was sentenced to thirty days in punitive isolation with a reduction in class status and the loss of 365 days good-time credit. Plaintiff appealed the decision on the grounds that the identification numbers did not match; however, his appeal was

denied on the grounds that the laboratory had made a typographical error. Plaintiff also contends that since that time he has been subjected to harassment or retaliation by continued drug screening.

### III. Analysis of Plaintiff's Claims

Plaintiff cannot seek restoration of his good-time credits or pursue other relief to remedy the effect of the urine-test disciplinary until it is set aside. *See Preiser v. Rodriguez*, 411 U.S. 475, 476-77, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (sole remedy in federal court for prisoner seeking restoration of good-time credits is writ of habeas corpus); *cf. Edwards v. Balisok*, 520 U.S. 641, 643, 646-48, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997) (inmate cannot pursue § 1983 action based on allegations of bias and deceit by decisionmaker until disciplinary that resulted in loss of class and good time is invalidated by state tribunal or federal court), cited in *Farver v. Schwartz,* 255 F.3d 473, 474 (8th Cir. 2001)

Plaintiff's allegations, if proven, would necessarily imply the invalidity of his conviction of the disciplinary charges. Absent any allegation that Plaintiff has successfully challenged the conviction through appropriate state or federal procedures, his § 1983 claim is not cognizable. Therefore, Plaintiff's claims should be dismissed without prejudice to refiling at such time as a successful challenge has occurred. Plaintiff should be advised, however, that he cannot bring a federal habeas action challenging this conviction until he has exhausted his state remedies, as explained above. *Sheldon*, 83 F.3d 231, 233 (8th Cir. 1996); *Armento-Bey v. Harper*, 68 F.3d 215, 216 (8th Cir. 1995)(Bowman, J., dissenting). *See Childs v. Howard*, 242 F.3d 374 (unpub. table op.) (8th Cir. December. 21, 2000)(plaintiff's claim that parole eligibility date had passed and request for award of good time credit, release, and damages dismissed; plaintiff cannot use damages suit to avoid challenging lawfulness or length of confinement).

Lastly, Plaintiff has not stated a claim for retaliation or harassment based on the continued requirement for additional drug screens. It does not sound surprising or unreasonable for inmates who have once tested positive for drugs to be subject to more frequent screening. He suffers no "dramatic departure from the basic conditions of his sentence" by being subjected to routine drug screens. *Sandin v. Conner*, 515 U.S. 472, 485 (1995). For all these reasons, the Court recommends dismissal of Plaintiff's cause of action.

## IV. Conclusion

IT IS THEREFORE RECOMMENDED that this action be DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER RECOMMENDED that dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

IT IS FURTHER RECOMMENDED that the Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

---

[1] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ." The Eighth Circuit has held that, if a plaintiff fails to exhaust available administrative remedies before initiating an action in federal court, the complaint fails to state a claim upon which relief may be granted. *Porter v. Fox*, 99 F.3d 271 (8th Cir. 1996); *Sharps v. United States Forest Serv.*, 28 F.3d 815 (8th Cir. 1994).
...

DATED this __8___ day of December, 2005.

_____
UNITED STATES MAGISTRATE JUDGE